UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Danielle Bell, | Civ. No. 18-1027 (PAM/TNL) |
| Plaintiff, | |
| v. | |
| Portfolio Recovery Associates, LLC, and Rodenburg LLP, | |
| Defendants. | **MEMORANDUM AND ORDER** |
| Marline Blake, | Civ. No. 18-1028 (PAM/HB) |
| Plaintiff, | |
| v. | |
| Portfolio Recovery Associates, LLC, and Rodenburg LLP, | |
| Defendants. | |

This matter is before the Court on Defendants' Motions to Dismiss these related cases brought pursuant to the Fair Debt Collection Practices Act. For the following reasons, the Motions are granted.

**BACKGROUND**

Plaintiff Danielle Bell lives in Cambridge, Minnesota. (Bell Am. Compl. (Docket No. 4) ¶ 14.) Plaintiff Marline Blake lives in Minneapolis. (Blake Am. Comp. (Docket No. 5) ¶ 14.) Bell and Blake each defaulted on a Home Depot credit card. (Bell Am. Compl. ¶ 26; Blake Am. Compl. ¶ 25.) Bell also defaulted on two other consumer debts.

(Bell Am. Compl. ¶¶ 36, 49.)  Defendant Portfolio Recovery Associates ("PRA") bought all of this debt and hired Defendant Rodenburg LLP to collect it.  (Bell Am. Compl. ¶¶ 27-28, 37-38, 50-51; Blake Am. Compl. ¶¶ 26-27.)  Through Defendant Rodenburg LLP, PRA ultimately initiated Minnesota state-court lawsuits against Plaintiffs.  According to Plaintiffs, PRA did not file a cost bond before serving them with the summons and complaint, as Minn. Stat. § 549.18 requires nonresident defendants to do.  (E.g., Blake Am. Compl. ¶ 29.)  The lawsuits have been dismissed; Blake asserts that the Hennepin County court dismissed her case without prejudice for PRA's failure to pay the cost bond.  (Blake Am. Compl. ¶¶ 31-32; Chester Decl. Ex. D.)

After receiving the summons and complaint for the lawsuit regarding her second debt, Bell's attorney informed PRA and Rodenburg that he was representing Bell as to "any and all matters that come to your office regarding Ms. Bell."  (Bell Am. Compl. ¶ 44.)  Despite this, PRA served Bell directly with the summons and complaint for the third debt, rather than communicating with her attorney.  (Id. ¶ 54.)

Both Plaintiffs' Amended Complaints contend that the failure to post a bond for each lawsuit violated multiple provisions of the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(2)(A), 1692e(5), 1692e(6), and 1692f.  (Bell Am. Compl. ¶¶ 84, 86, 87, 88, 90; Blake Am. Compl. ¶¶ 53, 55, 56, 57, 59.)  In addition, Bell contends that the service of the third lawsuit on her directly, rather than on her attorney, violated 15 U.S.C. §§ 1692c(a)(2), 1692b(6), 1692d, and 1692f.  (Bell Am. Compl. ¶¶ 58, 60, 63.)  In her response to the Motions, however, Bell withdrew her claim under § 1692b(6), but

continues to argue that PRA's service of the third lawsuit on her rather than on her attorney violated other provisions of the FDCPA. (Bell's Opp'n Mem. at 18 n.2.)

Plaintiffs seek unspecified actual damages, statutory damages, attorney's fees, and costs. Although the body of their Complaints states that they are also requesting injunctive relief "to restrain Defendants from the alleged abusive practices in the future" (Bell Am. Compl. ¶ 105; Blake Am. Compl. ¶ 74), there is no such request in the prayer for relief of either pleading.

Defendants now move to dismiss these lawsuits, arguing that Plaintiffs lack standing and therefore there is no subject matter jurisdiction and that Plaintiffs have in any event failed to state claims on which relief can be granted. Defendants also ask that the Court declare the cost-bond requirement unconstitutional.

**DISCUSSION**

    **A.    Standing**

Defendants first argue that these cases should be dismissed for lack of standing, because Plaintiffs cannot articulate any cognizable injury other than the bare procedural violation of the FDCPA itself. Plaintiffs argue that they have alleged a cognizable injury because they were "actually deprived of the protection of a bond" to which they were entitled under Minnesota law. (Bell's Opp'n Mem. at 11.) But it is not a cognizable injury that Plaintiffs had to respond to a lawsuit without the alleged protection a $75 cost bond provides. Indeed, the cost-bond statute contains no requirement that the state-court defendant be notified that a bond has been filed. Thus, Plaintiffs' claim that they were "thrust into a lawsuit that [they] had to respond to sooner than [they] otherwise should have

3

. . . without the protection Defendants were required to provide by Minn. Stat. § 549.18" (Bell's Opp'n Mem. at 22), is without merit.

However, Plaintiffs have alleged that they suffered emotional distress. This is, at least at this stage, "sufficient to meet the 'irreducible constitutional minimum' of standing." Bartl v. Enhanced Recovery Co., No. 16cv252, 2017 WL 1740152, at *2 (D. Minn. May 3, 2017) (Ericksen, J.) (quotation omitted). Plaintiffs have standing to bring their FDCPA claims.

**B.      Failure to State a Claim**

The essence of Plaintiffs' claims is that, by initiating the state-court lawsuits without filing the cost bond, Defendants implied that they could initiate the lawsuits without a cost bond. The cost-bond statute provides:

> When an action is begun in the district court by a plaintiff who . . . is a nonresident or a foreign corporation . . . such plaintiff shall file a bond to the court administrator, before service of summons . . . in the sum of at least $75, conditioned for the payment of all costs and disbursements that may be adjudged against the plaintiff.

Minn. Stat. § 549.18. The failure to file a bond under § 549.18 may result in the dismissal of the action with costs against the attorney, although a dismissal is not required. Id. § 549.19.

Plaintiffs first argue that they have stated a claim under the FDCPA because the Eighth Circuit has found that a debt collector's service of a notice of intent to garnish before the state court entered a garnishment order was a violation of the FDCPA. Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001). Plaintiffs claim that this case stands for the proposition that a violation of Minnesota law can be a violation of the FDCPA. But

4

"[a]s a general matter, state collection law and the FDCPA are not coextensive—sections 1692e and 1692f are not federal enforcement mechanisms intended to reach every violation of state collection law." Haney v. Portfolio Recovery Assocs., L.L.C., 895 F.3d 974, 988 (8th Cir. 2016). In any event, the question is not whether violations of Minnesota law can in general also be FDCPA violations. The question here is whether a violation of this particular Minnesota law constitutes a violation of the FDCPA. It clearly does not.

### 1. Communicating directly with Bell

Minnesota law sets forth the requirements for service of a summons and complaint. Service "shall be" made by "delivering a copy [of the summons and complaint] to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). An individual may also appoint an agent to receive service, and then "service may be made" to that person. Id. Bell does not allege that she appointed her attorney as her agent for purposes of service of process, and even if she had, the Rule does not require Defendants to serve her attorney.

Bell's contention that service of the summons and complaint on her rather than her attorney constituted a violation of the FDCPA must be dismissed. Defendants complied with Minnesota service requirements in serving their lawsuit, and the FDCPA specifically allows communication with debtors represented by attorneys with the express permission of the court. 15 U.S.C. § 1692c(a). Compliance with Minnesota's service rules cannot be a violation of the FDCPA.

5

### 2. Harrass, Oppress, or Abuse

Plaintiffs claim that Defendants' failure to file the cost bond violates § 1692d, which prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The section lists examples of prohibited conduct, and while the list is not exclusive, it is instructive. The list includes the use or threat of violence, the use of obscene language, publication of debtor's names, and repeatedly calling the debtor. Id. § 1692d(1)-(5).

Plaintiffs contend that by initiating the state-court lawsuits before complying with the cost-bond statute, they had to respond to the state-court lawsuits sooner than they otherwise would have. Plaintiffs cite not a single case holding that the failure to comply with a bond requirement is harassing or abusive, because there is no such case. Their claim under § 1692d must be dismissed.

### 2. False representations

Plaintiffs also claim that Defendants' failure to file the cost bond violates §§ 1692e and 1692e(10), which prohibit false representations in connection with the collection of a debt and the use of false representations or deceptive means to collect a debt. Plaintiffs note that the Eighth Circuit recently found that a debt collector's misstatements about the availability of interest to be charged constituted a plausible violation of § 1692e. Haney, 895 F.3d at 989. They contend that the Eighth Circuit has recognized that a debt collector's omissions, and not just acts, can constitute a violation of § 1692e. Whether this proposition follows from the recent Haney decision is a matter of debate, but even if it does, "omitting"

to file a cost bond is not an omission akin to a false or misleading representation. At most, the failure to file a cost bond is a failure to comply with an administrative, procedural requirement.

And the failure to comply with a procedural requirement is not an actionable misrepresentation under the FDCPA. Moreover, as the Eighth Circuit recently held, the FDCPA prohibits only material misrepresentations, not every false statement. Hill v. Accounts Receivable Servs., LLC, 888 F.3d 343, 345-46 (8th Cir. 2018). Commencing a lawsuit without posting a $75 bond is not a material representation of anything. Plaintiffs' § 1692e and 1692e(10) claims must be dismissed.

### 3. Character, Amount, or Legal Status

Section 1692e(2)(A) prohibits false and misleading representations regarding the character, amount, or legal status of a debt. Plaintiffs argue that by not complying with the cost-bond requirement, Defendants falsely represented the legal status of a debt, in that "the suit could proceed without Defendant posting the cost bond it should have posted prior to initiating the collection action." (Bell's Opp'n Mem. at 26.)

Filing an action without the cost bond says nothing about the underlying debt. This claim borders on frivolous and will be dismissed.

### 4. Unfair or unconscionable means

Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiffs contend that service of a state-court lawsuit without filing a cost bond is an unfair and unconscionable means. Unfair or unconscionable means include things like attempting to collect a debt that was not owed. See, e.g., Demarais v.

7

Gurstel Chargo, P.A., 869 F.3d 685, 697 (8th Cir. 2017). Indeed, § 1692f is concerned specifically with debt collectors attempting to take actions to collect a debt that they are not allowed to collect. See, e.g., § 1692f(6)(1) (prohibiting a debt collector from taking or threatening to take any nonjudicial action to effect dispossession of property if the debt collector has no present right to possession of the property).

The failure to post a cost bond is not an "unfair or unconscionable means" to collect a debt. Plaintiffs' claim under this section must be dismissed.

**C.      Constitutional Issues**

Finally, Defendants challenge the constitutionality of the Minnesota cost-bond statute, which requires only nonresident plaintiffs to post the $75 bond. They have challenged the statute in the underlying state-court cases as well, and they represent that the state court held a hearing on August 27, 2018, on their motion for a determination that the statute is unconstitutional. (Rodenburg's Bell Supp. Mem. at 23 n.3.)

Although Defendants provided notice to Minnesota's Attorney General about their constitutional challenge, federal law requires the Court itself to notify the state attorney general that the constitutionality of a state statute has been questioned. Fed. R. Civ. P. 24(c); 28 U.S.C. § 2403 (providing that "the court shall" notify the attorney general and "shall" permit the State to intervene). The Court has not yet done so. Moreover, given that the Court concludes that Plaintiffs have failed to state a claim on which relief can be granted, this is not the appropriate case to determine the constitutional issue. And because this issue has been presented to the state court before being presented to this Court, it is in

any event the better course to allow the state court to rule on the issue. The Court will therefore decline to consider this constitutional challenge to Minn. Stat. § 549.18.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motions to Dismiss in Bell v. Portfolio Recovery Assocs., No. 18cv1027, (Docket Nos. 14, 20) are **GRANTED**;

2. Defendants' Motions to Dismiss in Blake v. Portfolio Recovery Assocs., No. 18cv1028, (Docket Nos. 20, 25) are **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 21, 2018

                                              *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge